IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Brian M. Hayes, et al.,

          Plaintiffs,

   v.

Ohio National Financial Services Inc.,
et al.,

          Defendants.

Civil Action No. 08-3743

MEMORANDUM/ORDER

August 19, 2008,

     Before the court is the plaintiffs' motion to remand this civil action to the Court of

Common Pleas of Berks County.  *See* Pls.' Mot. Remand (Doc. No. 5, filed August 12,

2008).  Plaintiffs have also filed a motion for an expedited hearing on their motion to

remand.  *See* Pls.' Mot. Expedited Hearing (Doc. 6, filed August 12, 2008).  Defendants,

in turn, have filed a motion for an expedited hearing on their motions for a temporary

restraining order and to dissolve the preliminary injunction signed by Judge John. A.

Boccabella in Berks County on August 5, 2008.  *See* Def. Mot. Expedited Hearing (Doc.

9, filed August 14, 2008).

     Defendants filed a notice of removal on August 7, 2008, removing this case from

the Court of Common Pleas to this court; the propriety of removal was predicated on this court's diversity jurisdiction. *See* Notice of Removal (Doc. No. 1). In support of remand, plaintiffs contend that this court lacks removal jurisdiction because defendants have failed to meet their burden of proving that plaintiffs' claim satisfies the amount in controversy requirement of $75,000. *See* Pls.' Mot. Remand ¶¶ 5–10. The plaintiffs' motion will be denied.

Removal is governed by statute, 28 U.S.C. § 1441, which provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendants claim original jurisdiction on diversity grounds. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different states[.]" 28 U.S.C. § 1332(a)(1). A case is removable to federal court on diversity grounds only "if none of the . . . properly joined and served . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). It is undisputed that plaintiffs are citizens of Pennsylvania and defendants are citizens of Ohio. Notice of Removal ¶ 7.

The only issue for this court is whether defendants have satisfied the $75,000 amount in controversy requirement. The removing defendants bear the burden of demonstrating removability. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29

(3d Cir. 1985).  Further, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."  *Id.*

In *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007), our Circuit clarified the various standards for determining whether the amount in controversy is satisfied in a removal action.

The threshold question is whether the plaintiff "specifically avers [in the complaint] that the amount sought is less than the jurisdictional minimum."  *Frederico*, 507 F.3d at 196-97.  If she does, then "the defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount."  *Id.* at 197.

If a plaintiff has not specifically averred an amount in controversy in the complaint, as plaintiffs here have not, the removing defendant's burden is governed by *Samuel-Bassett v. KIA Am., Inc.,* 357 F.3d 392 (3d Cir. 2004).  *Frederico*, 507 F.3d at 197.  *Samuel-Bassett* holds that where "disputes over factual matters" will determine the proper amount in controversy, the "party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence."  357 F.3d at 397 (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

Once those factual matters have been resolved, or in cases where the court need not consider a factual dispute to render its decision, the court applies the obverse "legal certainty" test articulated by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red*

-3-

*Cab Co.*, 303 U.S. 283, 284 (1938).  *Samuel-Bassett*, 357 F.3d at 398.  That legal

certainty test requires that a court remand a case "if it appears to a legal certainty that the

plaintiff *cannot* recover the jurisdictional amount."  *Frederico,* 507 F.3d at 197.

    Despite the clear rubric *Frederico* provides, I note that the question of what

constitutes a "factual dispute" about jurisdiction is somewhat unclear in the matter

currently before the court.  In *Samuel-Bassett*, our Circuit seems to envision a clear

distinction between cases in which the amount in controversy turns on a question of pure

law (e.g. whether the damages alleged in plaintiff's complaint are actually available under

state law) or pure fact (e.g. where the plaintiff and defendant disagree about the

likelihood plaintiffs' claim will yield an award in excess of the required amount in

controversy).  *See Samuel-Bassett*, 357 F.3d at 397-98 ("In many instances the amount in

controversy will be determined in whole or in part by state law.  For example, if state law

denies recovery for punitive damages, the federal court would be required to disregard the

value of such a claim asserted to be included within the jurisdictional amount.").  In the

instant matter, however, no such distinction exists.  Plaintiffs do not allege that, as a

matter of fact, their claims do not meet the jurisdictional amount.[1]  Instead, they allege

---

[1]Plaintiffs do contest defendants' claim that plaintiffs are alleging punitive
damages.  Plaintiffs argue that the complaint's recital that "punitive damages may be
warranted given the Ohio National Defendants' willful, wanton, malicious and
unjustifiable actions" does not constitute a request for an award of punitive damages.  *See*
Pls.' Mot. Remand 4.  Plaintiffs contend that, stripped of the ingredient of punitive
damages, defendants' estimate of damages is "too speculative."  Pl. Mot. Remand ¶ ¶ 8-9.
However, defendants' response to plaintiffs' motion clarifies that defendants' calculation

simply that defendants have not met their burden.  Defendants' claim is therefore neither factual (there appears to be no factual dispute about the claims themselves that requires the court's resolution) nor legal in the sense posited by *Samuel-Bassett* (i.e. there appears to be no dispute about the applicable governing law).

Given the absence of a meaningful dispute of facts, I am satisfied that the sufficiency of the motion to remand can be determined without requiring defendants to prove their factual allegations by preponderance of the evidence.  Plaintiffs' contention that defendants have not met their burden cannot by its mere utterance require further proof by defendants.  Therefore, defendants need only have shown that there is not "a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000."  *Frederico*, 507 F.3d at 195 (quoting *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006) (internal citations omitted)).

Defendants' pleadings meet this burden.  To determine the amount in controversy, a court examines all submissions related to a plaintiff's motion to remand.  *See USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 205 n. 12 (3d Cir. 2003) (discussing the liberal rules regarding what courts may consider to determine if the necessary amount in controversy has been met) (citations omitted).  In any event, the Notice of Removal itself

---

of the amount in controversy does not depend on inclusion of potential punitive damages. Def. Resp. Pl. Mot. Remand ¶ 6 (Doc. 8, filed August 14, 2008).  Because this court finds that defendants have met their burden absent any claim for punitive damages, it is not necessary to resolve this dispute.

provides facts sufficient to meet the required jurisdictional amount in controversy.[2]

Defendants note that plaintiff Brian M. Hayes[3] alleges he has earned more than One

Hundred Fifty Thousand Dollars ($150,000) per year for the last five years from his book

of business with defendants and that his business will be "irreparably harmed" and suffer

"incalculable financial losses" if he does not prevail in the instant litigation.  Notice of

Removal ¶ ¶ 4, 6.  "Irreparable harm" or "incalculable financial loss" to an individual

earning more than $150,000 per year could quite conceivably exceed $75,000.  Therefore

it is apparent from the submissions of the parties that defendants have met their burden of

showing that plaintiffs are not able to establish to a legal certainty that they cannot

recover more than $75,000.[4]  Accordingly, a hearing on the motion to remand is

unnecessary.

Wherefore, it is hereby **ORDERED** that the plaintiffs' motion to remand is

**DENIED.**  A hearing on defendants' motion for a temporary restraining order and motion

to dissolve is scheduled for August 27 at 11:30 a.m.

---

[2] "A defendant's notice of removal serves the same functions as the complaint would in a suit filed in federal court.'" *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006).

[3] The individual plaintiffs in this matter are Brian M. Hayes and Brian M. Hayes, II. All references here are to Brian M. Hayes.

[4] When a plaintiff prays for injunctive relief, the court measures the amount in controversy by "the value of the right sought to be protected by the equitable relief."  *In re Corestates Trust Fee Litigation*, 39 F.3d 61, 65 (3d Cir. 1994).  Here, Brian M. Hayes alleges that, absent an injunction, he stands to suffer irreparable harm to a book of business worth $150,000 annually.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.